FILED
MAY 23 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Carlos Manuel Garcia<br><br>*Defendant(s)* | Case No. 5:25-mj-1651-JG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 10, 2024__ in the county of __Cumberland__ in the __Eastern__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1253(a)(1)(A) | The defendant, a deportable alien against whom a final order of removal was issued on May 21, 2015 pursuant to 8 U.S.C. § 1227(a), willfully failed or refused to depart from the United States within a period of ninety (90) days of the date of the final order. |

This criminal complaint is based on these facts:
**See attached affidavit.**

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ronald Dorman, Deportation Officer, ICE
*Printed name and title*

On this day, DO Ronald Dorman appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this Complaint.

Date: 22 MAY 2025

City and state: Raleigh, North Carolina

_____
*Judge's signature*

JAMES E. GATES, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

AFFIDAVIT

1. I, Ronald Dorman, having been duly sworn, do hereby depose and state: I am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), formerly known as the Immigration and Naturalization Service ("INS"), assigned to the Cary, North Carolina office. I began my federal law enforcement career with the United States Border Patrol on January 2, 1996. In December of 2008, I transferred to ICE and have been continuously employed in my current position since that time. My duties routinely include the investigation of violations of the federal criminal statutes concerning or pertaining to immigration offenses.

2. This affidavit is submitted as evidence of probable cause supporting the issuance of an arrest warrant for Carlos Manuel Garcia ("GARCIA"), a deportable alien against whom a final order of removal is outstanding pursuant to 8 U.S.C. § 1227(a), for willfully failing or refusing to depart the United States within ninety (90) days of such order, in violation of 8 U.S.C. § 1253(a)(1)(A). This affidavit does not set forth all information known to your affiant about this case and is being submitted for the limited purpose of providing sufficient information to establish probable cause.

3. In the course of investigating this matter, I have obtained information through law enforcement channels and the official Alien File (A-File) numbered A044 875 218. This file is maintained in the name of Carlos Manuel Garcia and contains this individual's biographical information, family history, records of encounters with

1

ICE, conviction records, immigration petitions, photographs, and fingerprints. Based on the review of this A-File, I have concluded that it does in fact pertain to the defendant in this matter.

4. The A-File reflects the following information relative to this individual:

   a. GARCIA is a citizen and national of the Dominican Republic.

   b. His date of birth is XXXX XX, 1978, and his name is correctly reflected in this affidavit and the complaint to which it is attached.

   c. GARCIA was, on January 28, 1995, in New York, New York, admitted to the United States by INS as a lawful permanent resident.

   d. GARCIA was, on July 5, 2000, in the Supreme Court of New York in Kings County, convicted of 7th degree criminal possession of a controlled substance (cocaine), in violation of New York Public Law ("NYPL") § 220.03.

   e. GARCIA was, on August 20, 2001, in the Supreme Court of New York in Kings County, convicted of 3rd degree attempted sale of a controlled substance (cocaine), in violation of NYPL § 110-220.39.

   f. GARCIA, on May 20, 2003, filed a Form I-90, Application to Replace Permanent Resident Card, to U.S. Citizenship and Immigration Services ("USCIS").

   g. With his Form I-90, GARCIA submitted his fingerprints, which revealed his two controlled substance-related convictions from

2

2000 and 2001, respectively. These convictions rendered him removable from the United States.

h. USCIS initially approved GARCIA's Form I-90 and provided him an interview appointment on June 3, 2005, to personally appear at USCIS with photo identification to obtain his replacement Permanent Resident Card. GARCIA did not appear at his appointment. On September 3, 2006, USCIS denied GARCIA's Form I-90 for his failure to appear for an interview appointment.

i. ICE issued, on November 23, 2009, a Form I-862, Notice to Appear (NTA), charging GARCIA with three counts of removability pursuant to INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony, and INA § 237 (a)(2)(B)(i), for having been convicted of a controlled substance violation.

j. GARCIA was, on August 12, 2010, in Brooklyn, New York, arrested by ICE and served with the NTA against him.

k. At his proceedings before an Immigration Judge in New York, New York, GARCIA admitted he was removable as charged and sought relief from removal from the court.

l. GARCIA was, on May 13, 2013, by the Executive Office of Immigration Review in New York, New York, ordered released from custody under a $22,500 bond by an Immigration Judge pending further proceedings.

m. On May 17, 2013, in New York, New York, GARCIA's biological father, as the Obligor, signed and executed a Form I-352, Immigration Bond, on GARCIA's behalf. GARCIA was subsequently released from ICE custody.

n. An Immigration Judge, on May 21, 2015, in New York, New York, denied GARCIA's request for relief from removal and ordered him removed from the United States to the Dominican Republic on the charges contained in the NTA. In its order, the court stipulated that any appeal had to be filed by no later than June 19, 2015. GARCIA was physically present in the courtroom when the removal order was issued and received actual notice of the removal order.

o. On July 31, 2015, ICE issued a Form I-205, Warrant of Removal/Deportation, for GARCIA.

p. On July 31, 2015, GARCIA signed and submitted a Form EOIR 26, Notice of Appeal from a Decision of an Immigration Judge, to the Board of Immigration Appeals (BIA).

q. On August 12, 2015, ICE served a Form I-340, Notice to Obligor to Deliver Alien, to GARCIA's father. The notice ordered the Obligor to deliver GARCIA in person to the ICE Field Office in New York, New York, on September 9, 2015.

4

r. On August 31, 2015, the BIA dismissed GARCIA's appeal. No subsequent appeals or motions to reopen have been filed by GARCIA and none have been filed on his behalf.

s. GARCIA, on September 9, 2015, did not appear and was not delivered to the ICE Field Office in New York, New York. GARCIA never subsequently appeared at any ICE office.

t. On September 24, 2015, ICE issued Obligor a Form I-323, Notice - Immigration Bond Breached, pursuant to GARCIA's failure to appear as ordered above.

5. On March 10, 2024, in Cumberland County, North Carolina, GARCIA submitted another Form I-90, Application to Replace Permanent Resident Card, to USCIS. Part 3, Question 4 of the I-90 asks, "Have you ever been in exclusion, deportation, or removal proceedings or ordered removed from the United States?" GARCIA checked the box corresponding with "Yes."

6. On March 21, 2025, USCIS denied GARCIA's I-90.

7. According to USCIS records, GARCIA currently resides at 2291 Rivermeade Drive in Fayetteville, North Carolina.

8. Based on the foregoing, I believe that there is probable cause to conclude that Carlos Manuel Garcia is in fact a deportable alien against whom a final order of removal is outstanding and is guilty of willfully failing or refusing to depart from the United States within a period of ninety (90) days from the date of such order, in

violation of 8 U.S.C. § 1253(a)(1)(A), and respectfully ask that the Court issue a warrant ordering his arrest for such crime.

Further your Affiant sayeth not.

_____
RONALD DORMAN
Deportation Officer
U.S. Immigration & Customs Enforcement

On this 22 day of May, 2025, Deportation Officer Ronald Dorman appeared before me via reliable electronic means (telephone), was placed under oath, and attested to the contents of this affidavit.

_____
JAMES E. GATES
United States Magistrate Judge
Eastern District of North Carolina